**Alexander Lips and Benjamin F. Nysewander, Jr., by J. L. Nysewander, Plaintiffs in Error, v. Anton J. Cermak and Anna L. McCoid, Defendants in Error.**

**Gen. No. 20,236.    (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. JOHN K. PRINDIVILLE, Judge, presiding. Heard in this court at the March term, 1914. Reversed and remanded. Opinion filed March 8, 1915.

### Statement of the Case.

Proceeding for trial of right of property in an automobile by Alexander Lips and Benjamin F. Nysewander, Jr., the latter suing by J. L. Nysewander, his next friend, against Anton J. Cermak and Anna L. McCoid. From a judgment in favor of defendants, plaintiffs bring error.

The machine was taken by defendant Cermak as bailiff, under an execution on a judgment in favor of defendant, Anna L. McCoid, against Benjamin Nysewander, Sr. The evidence tended to show that Nysewander, Sr., the judgment debtor, had no interest in the machine. Benjamin Nysewander, Jr., had traded real estate belonging to plaintiff Lips for the machine and was still in possession when it was levied upon under the execution.

The only evidence offered for the defendants was the files in a suit in replevin in the Municipal Court to recover possession of the automobile, in which Lips was plaintiff and Cermak and McCoid defendants and the following entry:

"July 2/13.    Rooney.    Tr. by Ct. Fndg. right prop. in repn. not in plff.    Judg. for Defts in repn. reto hab & C. Bd. $1500."

HARRY H. FELGAR, for plaintiffs in error.

PARKER & KING and JOHN STELK, for defendants in error; OTTO C. RENTNER, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

### Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 19*—*ineffectiveness of abbreviated judgment.* In a proceeding for trial of right of property taken under an execution, an abbreviated record of a judgment in the Municipal Court in replevin between the same defendants and one of the plaintiffs, *held* not to constitute any evidence of a judgment in the replevin action.

2. JUDGMENT, § 539*—*where adjudication in replevin not conclusive of trial of right of property.* In a proceeding for trial of right of property, a judgment in a prior replevin suit between the same defendants and one of the two plaintiffs in the second action, *held* not to constitute a bar to the proceeding between the same defendants and the plaintiff for trial of right of the same property taken under an execution.